## SUPREME COURT.

GARDNER A. SAGE, jr., agt. JACOB K. LOCKMAN, executor, &c., and others.

*Conversion — discretionary power to sell real estate — Descent.*

A mere discretionary power to sell real estate does not create a conversion. Upon the death of the *cestui que trust*, the estate descends directly to the persons entitled, and the power of sale, as to such share, ceases.

*Special Term, May,* 1877.

VAN BRUNT, *J.* — It seems to me very clear that the power of sale given by the testator to his executors by the seventeenth clause of his will, was merely discretionary. The devise and bequest is of the residue of the testator's real and personal property to his executors, in trust, to sell and dispose of any portion or portions thereof, at public or private sale, at their discretion, &c. If there was nothing but this clause to indicate the intentions of the testator, the intention to give the executors a discretionary power of sale would be sufficiently apparent, as the executors are to sell any portion or portions of the estate at their discretion.

But, as if to remove all doubt as to such intention, the testator, by the seventh subdivision of the seventeenth clause, provides that the executors shall divide all the rest, residue and remainder of his estate, real and personal, into equal shares, &c. Now, if the testator had supposed that the previous authorization to sell was obligatory upon the executors he certainly would not have contemplated a violation of that direction by them and spoken of a division of his real estate

as above mentioned. But this language would be entirely consistent with the idea that the executors were to have a discretionary power to sell. It is well settled in this state that a mere discretionary power to sell real estate does not create a conversion (*White et al.* agt. *Howard*, 46 *N. Y.*, 144).

The case of *Bruner* agt. *Meigs*, decided by me at the special term and affirmed in the court of appeals (64 *N. Y.*, 506), expressly decides that upon the death of the *cestuis que trust* the estate descended directly to the persons entitled, and that the power of sale, as to such share, ceased.

This case appears to be decisive of the only remaining question in this case, and to establish the proposition that upon the death of Frances Sage, her interest or share in the testator's estate descended directly to her children, released from the power of sale contained in the will.

The demurrer must therefore be overruled, with leave for the defendants to answer upon usual terms.